**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Rose-Monde Pierre,

Plaintiff(s),

v.

First Light Home Care, et al.,

Defendant(s).

Case No. 2:26-cv-02079-MMD-NJK

**Report and Recommendation**

Concurrently herewith, the Court is granting Plaintiff's application to proceed *in forma pauperis* and screening her retaliation claim against Defendant First Light Home Care. The complaint also names individual Tammikka Jones as a defendant. The Court screens the individual claims herein.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint alleges that Jones was her coworker and engaged in hostile and improper conduct. *See* Docket No. 1-2 at ¶¶ 12-31. From those factual predicates, Plaintiff brings causes of action against Jones for violating Title VII and N.R.S. 613.330, as well as for wrongful termination. *See id.* at ¶¶ 34-46. It is settled law that only employers, <u>not individuals</u>, are potentially liable for violations of Title VII. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). The same logic also extends to claims brought under the Nevada state analogue at N.R.S. 613.330, *see, e.g.*, *Whittingham v. Attorney General's Office*, 2020 WL 5646094, at *2 (D. Nev. Sept. 22, 2020), *adopted* 2020 WL 7226459 (D. Nev. Dec. 7, 2020), as well as to related state law claims for wrongful termination in violation of public policy, *see, e.g.*, *Espinoza v. City of Imperial*, 2009 WL 10671316, at *3 (S.D. Cal. Mar. 4, 2009) (applying California law and quoting *Reno v. Baird*, 18 Cal.4th 640, 663-64 (1998)). In short, none of Plaintiff's claims are viably asserted against Jones. Moreover, amendment would be futile.

Accordingly, the undersigned **RECOMMENDS** that Defendant Tammikka Jones be **DISMISSED** with prejudice.

Dated: August 3, 2026

Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).